UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| LOWER BRULE SIOUX TRIBE, NEIL PIERRE RUSSELL, INDIVIDUAL MEMBER OF THE LOWER BRULE SIOUX TRIBE; STEPHANIE BOLMAN, INDIVIDUAL MEMBER OF THE LOWER BRULE SIOUX TRIBE; AND BEN JANIS, INDIVIDUAL MEMBER OF THE LOWER BRULE SIOUX TRIBE;<br><br>Plaintiffs,<br><br>vs.<br><br>LYMAN COUNTY, LYMAN COUNTY BOARD OF COMMISSIONERS, BRIAN KRAUS, IN HIS OFFICIAL CAPACITY AS LYMAN COUNTY COMMISSIONER; LESLIE REUER, IN HER OFFICIAL CAPACITY AS LYMAN COUNTY COMMISSIONER; ZANE REIS, IN HIS OFFICIAL CAPACITY AS LYMAN COUNTY COMMISSIONER; RYAN HUFFMAN, IN HIS OFFICIAL CAPACITY AS LYMAN COUNTY COMMISSIONER; JARED SCHELSKE, IN HIS OFFICIAL CAPACITY AS LYMAN COUNTY COMMISSIONER; AND DEB HALVERSON, IN HER OFFICIAL CAPACITY AS LYMAN COUNTY AUDITOR;<br><br>Defendants. | 3:22-CV-03008-RAL<br><br><br>ORDER DENYING DEFENDANTS' EMERGENCY MOTION FOR STAY PENDING APPEAL |

On August 11, 2022, this Court signed an Opinion and Order Granting Motion for Preliminary Injunction Depending on Adoption of an Appropriate Remedial Plan. Doc. 55. That 49-page Opinion and Order made preliminary findings of fact, explained why Plaintiffs had made

a showing under the Dataphase[1] factors for preliminary injunctive relief, and rejected Defendants' arguments for dismissal of the case. That Opinion and Order concluded by granting Plaintiffs' motion for a preliminary injunction "depending upon this Court determining proper injunctive relief," giving Defendants seven days from the order to "propose an appropriate remedial plan in writing to this Court," and then directing the parties to cooperate in setting a hearing which now has been set for August 23, 2022, at 10:00 a.m. Doc. 55 at 48.

Defendants yesterday, on August 16, 2022, filed Defendants' Emergency Motion for Stay Pending Appeal, Doc. 59, a Second Affidavit of Deb Halverson with attachments, Doc. 60, and Defendants' Memorandum in Support of Emergency Motion for Stay Pending Appeal, Doc. 61. Defendants request a ruling today staying any injunctive relief so that Defendants can appeal to the United States Court of Appeals for the Eighth Circuit or seek a stay from that Court. Defendants in short argue once again that the time is too close to the election for any relief under Purcell v. Gonzalez, 549 U.S. 1 (2006), and then argue that one of the three possible options for relief—allowing for an election using the districts Defendants devised during this November's election and allowing for staggered terms for those commissioners elected in the districts Defendants devised—is entirely unworkable.

Defendants completely ignore two critical matters. First, this Court has not yet fashioned any remedy, making clear in the heading of the Opinion and Order and at its end that the grant of preliminary injunctive relief is "depending on adoption of an appropriate remedial plan." There are no terms of a preliminary injunction to stay and indeed no terms of a preliminary injunction for the Eighth Circuit to review or consider staying on appeal. Indeed, this Court left it for Defendants to propose a remedy and discussed in passing no fewer than three possible remedies,

---

[1] Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109 (8th Cir. 1981) (en banc).

one of which would allow—as the Defendants so desperately want—to delay the 2024 effectuation of the redistricting to redress Voting Rights Act (VRA) issues.

Second, Defendants argue as if this Court has ignored Purcell and its progeny. This Court will repeat what it has written on that subject, as the Defendants desire a ruling today on the motion they filed yesterday:

> Defendants as aforementioned argue that it is too close to the election for any remedial plan to be formulated. Defendants' argument is not without support and deserves to be addressed. In Sims, the Supreme Court of the United States reasoned that
>
>> certain circumstances, such as where an impending election is imminent and a State's election machinery is already in progress, equitable considerations might justify a court in withholding the granting of immediately effective relief in a legislative apportionment case, even though the existing apportionment scheme was found invalid [under the VRA]. In awarding or withholding immediate relief, a court is entitled to and should consider the proximity of a forthcoming election and the mechanics and complexities of state election laws, and should act and rely upon general equitable principles. With respect to the timing of relief, a court can reasonably endeavor to avoid a disruption of the election process which might result from requiring precipitate changes that could make unreasonable or embarrassing demands on a State in adjusting to the requirements of the court's decree.
>
> Sims, 377 U.S. at 585; see also Wright v. Sumter Cnty. Bd. of Elections and Registration, 361 F. Supp. 3d 1296, 1302 (M.D. Ga. 2018), aff'd, 979 F.3d 1282 (11th Cir. 2020).
>
> Defendants also point to Purcell v. Gonzalez, 549 U.S. 1 (2006), and Merrill v. Milligan, 142 S. Ct. 879 (2022). Doc. 35 at 6; Doc. 37 at 11–16; Doc. 44 at 3–10. In Purcell, the Supreme Court declined to issue an injunction to prevent a voter identification law from taking effect less than a month before a general election when no factual findings on the merits of the plaintiffs' claim had been made. 549 U.S. at 5–6. The Court reasoned that "the facts in the[] case[ were] hotly contested, and no bright line separate[d] permissible election-related regulation from unconstitutional infringements. . . . Given the imminence of the election and the inadequate time to resolve the factual disputes, our action today shall of necessity allow the election to proceed without an injunction suspending the voter identification rules." Id. (citation omitted). Purcell is readily distinguishable as this Court has made extensive preliminary findings of fact and the general election remains several months off.

> The 2022 Merrill decision was decided as a part of the Supreme Court's emergency docket or what some call "the shadow docket." Thus, constitutional law scholars rightfully could debate what, if any, precedential weight to give the portion of Justice Kavanaugh's concurrence to which Defendants cite. In that concurrence, Justice Kavanaugh interpreted Purcell as standing for the principle "that federal district courts ordinarily should not enjoin state election laws in the period close to an election[.]" Merrill, 142 S. Ct. at 879 (Kavanaugh, J., concurring). "It is one thing for a State on its own to toy with its election laws close to a State's elections. But it is quite another thing for a federal court to swoop in and re-do a State's election laws in the period close to an election." Id. at 881. Justice Kavanaugh continued that the Purcell principle is not absolute but "heightens the showing necessary for a plaintiff to overcome the State's extraordinarily strong interest in avoiding late, judicially imposed changes to its election laws and procedures." Id. Justice Kavanaugh then proposed a new test for when a district court may enjoin an imminent election, stating that before granting such relief a court should determine that "(i) the underlying merits are entirely clearcut in favor of the plaintiff; (ii) the plaintiff would suffer irreparable harm absent the injunction; (iii) the plaintiff has not unduly delayed bringing the complaint to court; and (iv) the changes in question are at least feasible before the election without significant cost, confusion, or hardship." Id.
>
> For the sake of analysis, applying Justice Kavanaugh's test does not foreclose the possibility of relief here. What is "entirely clearcut" of course is in the eye of the beholder, and here the probability of a VRA violation is sufficiently clearcut to allow for relief as discussed above. Similarly, this Opinion and Order has discussed why irreparable harm to Plaintiffs exists absent the injunction. In discussing why laches does not bar Plaintiffs' claims, this Court has explained that Plaintiffs did not unduly delay bringing the complaint to the court. What remains then is the fourth factor under Justice Kavanaugh's test, which is whether "the changes in question are at least feasible before the election without significant cost, confusion, or hardship." Id.
>
> Under the VRA, the Defendants are to have the first opportunity to submit a remedial plan upon the finding of a Section 2 violation. Defendants' counsel at the preliminary injunction hearing did not want to discuss any remedial plan at all, sticking with the positions that no VRA violation exists and that this Court lacks authority to redress any violation anyway so close to the election and thus should dismiss the case for being moot. Much of this Opinion and Order explains why Defendants' legal position is mistaken. If time indeed is too short for any reasonable relief before the 2022 general election, this Court has signaled on page 38 [of Doc. 55] what may well be the outcome. After all, a likely VRA violation without a remedy fashioned does not serve the ends of justice, let alone the VRA.

Doc. 55 at 43–46.

This Court only wishes that Defendants had acted as expeditiously in the fall of 2021 and early 2022 to address the VRA issues with the Lyman County commissioners elections as they

have in asking this Court to stay (within 24 hours of the Defendants' filing) its Opinion and Order. This Court expects to proceed to conduct the hearing on August 23 to evaluate what preliminary injunctive relief, if any pre-November of 2022 election, should enter. Therefore, it is

ORDERED that Defendants Emergency Motion for Stay Pending Appeal, Doc. 59, is denied.

DATED this 17th day of August, 2022.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE